**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAHUL MALIK,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et al,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1606 |

# MEMORANDUM OPINION

Pending before the court is a Motion for Reconsideration (ECF No. 12), with attached exhibits (ECF No. 12-1 to 12-3), filed by petitioner Rahul Malik ("Malik"). The government filed a response in opposition to the motion (ECF No. 16), Malik's counsel filed a reply (ECF No. 17) and the motion is ripe for decision.

The court issued an opinion, order and judgment on August 26, 2026, which granted in part the habeas petition (ECF No. 1), and directed a bond hearing to be held within 10 days of its order (ECF Nos. 9, 10, 11). Respondents filed a notice that a bond hearing was held on September 3, 2026 (ECF No. 13).

In the pending motion, Malik argues that his warrantless arrest by immigration agents was unlawful and that he should be immediately released (ECF No. 12). Respondents argue that the warrantless arrest was lawful (ECF No. 16). In the reply brief, Malik challenges the inferences to be drawn from the facts cited by Respondents and reiterates his belief that the warrantless arrest was unlawful.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration must rely on one of three grounds: (1) an

intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or fact or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998).

Motions for reconsideration do not provide litigants with a second bite at the apple. As explained in *Reich v. Compton*: "Motions for reconsideration should not relitigate issues already resolved by the court and should not be used 'to put forward additional arguments which [the movant] could have made but neglected to make before judgment.'" *Reich*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995) (quoting *Dodge v. Susquehanna Univ*., 796 F. Supp. 829, 830 (M.D. Pa. 1992)); *see Rottmund v. Continental Assurance Co*., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992) ("Because of the interest in finality, however, courts should grant motions for reconsideration sparingly.").

Malik did not point to an intervening change in the law, the availability of new evidence or the need to correct clear error of law or fact or prevent manifest injustice. Instead, he appears to again raise the alleged impropriety of his warrantless arrest. The court did not directly address the warrantless arrest issue in its August 26, 2026 opinion and order. Instead, it ordered that Malik receive an individualized bond hearing before a neutral immigration judge and denied the petition to the extent it requested any additional relief.

The declaration of Malik's attorney acknowledges that this court granted him an individualized bond hearing; the hearing was held; and the immigration judge denied bond (ECF No. 12-2 ¶¶ 5-6). Malik does not address the impact of this finding on his renewed request for reconsideration or explain why the court's prior decision was erroneous. The court adheres to its

determination that the holding of an individualized bond hearing (the fairness of which Malik is not contesting) is the appropriate relief in this case.

In accordance with the foregoing discussion, Malik's motion for reconsideration (ECF No. 12) will be DENIED. An appropriate order follows.

Dated: October 13, 2026

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge